[No. 36797.   Department Two.   June 4, 1964.]

WILLIAM TAYLOR *et al., Appellants,* v. PUGET SOUND POWER & LIGHT COMPANY *et al., Respondents.*[*]

*Greenwood, Shiers & Kruse,* by *Frank A. Shiers,* for appellants.

[*]Reported in 392 P. (2d) 802.

*Wm. R. Garland,* for respondent Puget Sound Power & Light Company.

*Glenn E. Correa,* for respondent Public Utility District No. 3 of Mason County.

WEAVER, J.—In 1940, plaintiff (appellant) purchased a tract of land in Mason County. The property was not served by electricity. When plaintiff applied to defendant (respondent), Puget Sound Power & Light Company, for the installation of electrical service, he was told that an easement would have to be acquired over the property located between his land and the closest power line. At that time the intervening property was occupied by Mr. Smallwood. Subsequently, it was acquired by Mr. Greenler.

Plaintiff paid $10 to defendant and received a "Receipt for Service Line Cost," dated June 17, 1940. The receipt provided, in part, that the $10 was

". . . to pay the cost to the Company of extending its service wires (as segregated below) to consumer's premises which are located at a distance from Company's existing distribution line in excess of that prescribed in the established Tariffs of the Company."

At the bottom of the receipt appears:

"Segregation: Easement $10.00."

Electricity was furnished to plaintiff's property in 1940.

In 1945 Mr. Greenler interrupted plaintiff's ingress and egress across the Greenler property. As a result, plaintiff and Mr. Greenler signed an agreement in October, 1945, which recites:

"WHEREAS, the Second Party [plaintiff] maintains and operates a right-of-way for the purpose of ingress and egress, and maintains a ten (10) foot right-of-way across the Southwest corner of said land for the purpose of ingress and egress, and *for the purpose of running power lines;*

"IT IS HEREBY AGREED that the Party of the Second Part [plaintiff] *is granted permission to run power lines* for the use of the Party of the Second Part, and *that said permission is for the permissive use only* and is not a right-of-way that runs with the land but may be revoked at any time by the Party of the First Part [Mr. Greenler]. Party of the

Second Part [plaintiff] does hereby admit that his use of the above described property is permissive only, and that by using said property will required [sic] no right adverse to the Party of the First Part or his assigns." (Italics ours.)

March 30, 1948, defendant Puget Sound Power & Light Company transferred all of its facilities to Public Utility District No. 3 of Mason County,[1] which continued to furnish electrical service to plaintiff.

March 27, 1957, plaintiff's electrical service and ingress and egress across Mr. Greenler's property was interrupted and blocked when a tree fell, or was caused to fall, on the Greenler property, thus severing the electrical wires and blocking the road.[2] Mr. Greenler would not permit the line crews of the Public Utility District to restore electrical service, and plaintiff was without electricity until July 31, 1958, a period of 16 months.

This action, filed August 14, 1961, was commenced more than 3 years, but less than 6 years, after the interruption of electrical service.

The record supports the opening statement made in plaintiff's appellate brief that this is an action to recover damages from defendant, Puget Sound Power & Light Company, for alleged breach of an agreement to obtain an easement for location and maintenance of a transmission line to furnish electrical power to plaintiff's residence.

At the end of plaintiff's evidence, the trial court,

" . . . having treated as true the plaintiffs'[3] evidence and given said plaintiffs the benefit of the most favorable inferences to be drawn therefrom,"

sustained a challenge to the sufficiency of the evidence and dismissed plaintiff's action for the reason plaintiff had not

---

[1]Upon motions of Puget Sound Power & Light Company, Public Utility District No. 3 of Mason County, and Francis A. Greenler were ordered joined as third party defendants to the instant action. Public Utility District No. 3 was dismissed by summary judgment before trial.

[2]For related litigation in which plaintiff condemned a private way of necessity across Mr. Greenler's land, see *Taylor v. Greenler*, 54 Wn. (2d) 682, 344 P. (2d) 515 (1959).

[3]By motion, plaintiff's son, who also lived on the property, had been made an additional party plaintiff.

established a prima facie case. Reference to the trial judge's oral opinion shows that he concluded, as a matter of law, that plaintiff's cause of action was barred by either the 3-year[4] or 6-year[5] statute of limitations.

Plaintiff can prevail only if (a) the breach of contract to secure an easement occurred in 1957, and (b) the contract was a writing sufficient to satisfy the 6-year statute of limitations for written contracts.

We assume, arguendo, (a) that the 1940 "Receipt for Service Line Cost" is sufficient to constitute a written contract satisfying the 6-year statute of limitations, although it requires a maximum of inference and implication, for it appears to contain no language promissory in nature; and (b) that plaintiff did not receive notice in 1945 that there was no easement for a power line.[6]

When did plaintiff's cause of action accrue?

There is no evidence from which fraud might be inferred, so we are not concerned with the rule that the cause of action did not accrue until discovery by the aggrieved party of the facts constituting fraud (RCW 4.16.080 (4))—nor was a trust relation imposed by the $10 payment.

Breach of contract is the gravamen of this action, and it was presented to the trial court on that theory.

■ It is our conclusion that, as a matter of law, plaintiff's cause of action accrued within a reasonable time after the execution on June 17, 1940, of the "Receipt for Service Line Cost." In *Cornell v. Edsen,* 78 Wash. 662, 664, 139 Pac. 602, 51 L.R.A. (N.S.) 279 (1914) the court said:

"All that appellant is here seeking is damages claimed to have been suffered because of the wrongful act of respondent. The action is plainly one based upon a breach

[4]RCW 4.16.080. "Within three years:  . . . (3) An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument; . . ."

[5]RCW 4.16.040. "Within six years:  . . . (2) An action upon a contract in writing, or liability express or implied arising out of a written agreement."

[6]This assumption is made with "tongue-in-cheek" in view of the circumstances surrounding the 1945 incident and the express language of the October, 1945 written agreement quoted *supra.*

of duty growing out of the relation existing between the parties, a contractual relation which calls for a full disclosure; and when, by reason of the failure to make a full and complete disclosure, or the withholding or concealment of facts which should have been disclosed, loss is suffered, there is a breach of duty, and for such breach an action will lie. *But like any other action founded upon a breach of duty imposed either by law or contract, the action arises out of the breach, and the statute of limitations begins to run from the time of the breach and not from the time of its discovery.* . . ." (Italics ours.)

The language italicized above is quoted with approval in *Lindquist v. Mullen,* 45 Wn. (2d) 675, 676, 277 P. (2d) 724 (1954).

Running of the statute of limitations against the breach of contract (the failure to secure an easement) is not postponed by the fact that the actual or substantial damages did not occur until a later date. *Lindquist v. Mullen, supra;* 34 Am. Jur. 126, Limitation of Actions § 160.

Plaintiff's right to maintain an action for breach of contract has long been barred.

The judgment is affirmed.

OTT, C. J., DONWORTH and HAMILTON, JJ., concur.

FINLEY, J., concurs in the result.