Edward B. BENJAMIN, Plaintiff-
Appellant,

v.

WESTERN BOAT BUILDING COR-
PORATION, Defendant-Appellee.

No. 71–2313.

United States Court of Appeals,
Ninth Circuit.

March 15, 1973.

Gerry A. Reitsch (argued), Judson T. Klingberg, of Klingberg, Houston, Reitsch, Cross & Frey, Longview, Wash., William A. Porteous, III, of Porteous, Toledano, Hainkel & Johnson, New Orleans, La., for plaintiff-appellant.

James J. Mason (argued), of Binns, Petrich, Mason & Hester, Tacoma, Wash., Jack P. Scholfield, of Guttormsen, Scholfield, Willits & Ager, Seattle, Wash., for defendant-appellee.

Before KOELSCH and WRIGHT, Circuit Judges, and BELLONI,* District Judge.

PER CURIAM:

This is an appeal from an order granting summary judgment in favor of the defendant. The trial court ruled that all claims were barred by the statutes of limitation. We hold that those counts sounding in contract and breach of warranty are time barred but a material issue of fact remains on the fraud count.

Edward Benjamin (plaintiff) entered into a contract with Western Boat Building Corporation (defendant) for the construction of a steel yacht. The

---

* Honorable Robert C. Belloni, United States District Judge, District of Oregon, sitting by designation.

vessel was delivered to plaintiff in 1959. Plaintiff first noticed rust and corrosion on the exposed surfaces of the vessel in 1961. Plaintiff, at that time, conducted an immediate check of the vessel for additional rust and corrosion, limiting his examination to the accessible and unsealed portions of the yacht. Plaintiff maintains that the corrosion which he observed in 1961 was normal, could have been anticipated in any well constructed vessel, and that no reason presented itself to conduct any further search.

In 1969, a marine surveyor discovered that corrosion had eaten through the hull of the vessel from the inside out. The vessel was then partially stripped and dismantled, at which time plaintiff learned of corrosion in sealed areas that were ordinarily inaccessible.

Plaintiff brought an action on these facts for breach of contract, breach of warranty and fraud. The district court issued on order granting summary judgment for the defendant based on its conclusion that there was "no genuine issue as to any material fact under Fed.R.Civ. P. 56 because the causes of action were barred by the Washington Statutes of Limitation."

Under Washington law which governs the relevant periods of limitation, Dam v. General Electric Company, 265 F.2d 612 (9th Cir. 1958), plaintiff's claim for breach of contract and breach of warranty are time-barred. Plaintiff urges this court to rule that contract and warranty actions commence at the time of discovery of the breach. However, the Washington Supreme Court has held to the contrary, Taylor v. Puget Sound Power & Light Co., 64 Wash.2d 534, 392 P.2d 802 (1964), Nelson v. Sponberg, 51 Wash.2d 371, 318 P.2d 951 (1957), and its decisions are dispositive.

The fraud count alleged that defendant wilfully concealed the fact that the vessel was constructed with poor quality steel and not in accordance with plans and specifications. The State of Washington provides a three year statute of limitations period in ac-

tions for fraud. RCW 4.16.080(4). That period commences to run "when there is discovery by the aggrieved party of the facts constituting the fraud. RCW 4.16.080(4), supra. Actual knowledge of the fraud will be inferred if the aggrieved party, by the exercise of due diligence, could have discovered it." Strong v. Clark, 56 Wash.2d 230, 232, 352 P.2d 183, 184 (1960). Plaintiff filed an affidavit and supporting exhibits which raised an issue as to when he discovered the alleged fraud or should have discovered it. Summary judgment was inappropriately granted as to the fraud claim insofar as there existed a controversy over a material fact.

Reversed in part and remanded.