[No. 8296–2–III.   Division Three.   December 15, 1987.]

SAFECO INSURANCE COMPANY, *Respondent,* v. GAYLON M. BARCOM, *Appellant.*

*Michael Larsen* and *Westland, Liebler, Ivey, Larsen & Quigley,* for appellant.

*John Schultz* and *Leavy, Schultz & Sweeney,* for respondent.

MUNSON, J.—Gaylon M. Barcom appeals from a summary judgment dismissing his uninsured motorist suit against Safeco Insurance Company alleging the court erred in (1) ruling the statute of limitation barred his action and (2) not ruling that Safeco's acts and course of conduct in dealing with Mr. Barcom estopped it from asserting the defense of statute of limitation. We reverse and remand for arbitration.

Gaylon Barcom and his son, Garland, were injured on April 27, 1979, when an unidentified truck came toward their vehicle in a darting motion. Garland jerked the steering wheel to the right in order to avoid being hit by the truck; his vehicle went out of control and flipped over. Both Barcoms suffered injuries and were taken by ambulance to a Richland hospital for examination. Both men sought continued treatment as a result of pain they were experiencing.

Both Barcoms had insurance policies with Safeco which contained uninsured motorist coverage (UIM). Garland's claims were settled after a demand for, but prior to, an arbitration hearing, almost 6 years after the accident. During the 6-year period, the Barcoms' attorney was in communication with Safeco regarding both men's claims. After Garland's claim was settled, their attorney proceeded on Gaylon's claim. In January 1986, Gaylon's settlement brochure was sent to Safeco along with a payment demand. The brochure also contained a demand for arbitration with a proviso that it would not be effective for 30 days to give Safeco the opportunity to evaluate the data. Discovery was undertaken thereafter. No arbitration was conducted.

Safeco filed an action for a declaratory judgment asserting the statute of limitation had run. Safeco's motion for

summary judgment, based on the statute having run, was granted; Mr. Barcom's motion for reconsideration was denied. The primary issue is whether the statute of limitation begins to run on an uninsured motorist claim at the time of the accident or when the insurance company denies the claim.

Initially, Safeco contends that RCW 4.16.080(2), the 3–year statute of limitation, rather than RCW 4.16.040(1), the 6–year statute, is applicable and begins to run on the date of the accident. Safeco relies upon *Sayan v. United Servs. Auto. Ass'n,* 43 Wn. App. 148, 716 P.2d 895 (1986). *Sayan* held there could be no recovery on an uninsured motorist claim when the tortfeasor is immune from suit. Reasoning that a victim must sue the tortfeasor within 3 years, Safeco contends its insured under UIM must make a claim within 3 years. Since it stands in the shoes of the uninsured tortfeasor, Safeco contends a demand made after 3 years from the date of the accident is barred. We are not persuaded by Safeco's argument. *Sayan* is distinguishable in that it dealt with immunity. Moreover, Gaylon's claim is based on an insurance contract.

This case is factually similar to *Jacobs v. Detroit Auto. Inter–Ins. Exch.,* 107 Mich. App. 424, 309 N.W.2d 627 (1981), which held that the statute did not begin to run until the insurer breached the contract. In *Jacobs,* the breach was a refusal to arbitrate. There, the court stated, at page 431:

> In summary, the trial court ruled correctly that plaintiff's claim was not barred by the statute of limitations. Plaintiff's cause of action against defendant is for breach of contract. A cause of action for breach of contract accrues when a contracting party fails to do what he is obligated to do under the contract. In the instant case, defendant's refusal to submit to arbitration was the first point at which defendant could be considered to have breached the contract. Since plaintiff filed her action for breach of contract within six years of the breach, and defendant relies on the six–year general statute of limitations on contract actions, plaintiff's claim is not barred.

■■■ Insurance contracts should be construed against the drafter, particularly when the insurer is attempting to exclude coverage. *Nationwide Mut. Ins. Co. v. Kelleher,* 22 Wn. App. 712, 715, 591 P.2d 859 (1979). We agree with the rationale in *Jacobs* and hold that uninsured motorist claims are based on contract, thus the statute of limitation does not begin to run until a breach has occurred. This is in accord with Washington's public policy which permits broad access to recovery in uninsured motorist claims. *See Mutual of Enumclaw Ins. Co. v. Wiscomb,* 97 Wn.2d 203, 643 P.2d 441 (1982).

Having so concluded, we need not address Mr. Barcom's other contentions.

The judgment is reversed and the case remanded for arbitration.

THOMPSON, A.C.J., and GREEN, J., concur.

Reconsideration denied February 3, 1988.

Review granted by Supreme Court May 31, 1988.