[No. 19169-1-I.   Division One.   February 29, 1988.]

*In the Matter of the Estate of*
BARBARA BELL BOWERS.

STEPHEN GADDIS, *Respondent,* v. SAFECO INSURANCE
COMPANY, *Appellant.*

*Gary W. House,* for appellant.

*Fiore J. Pignataro,* for respondent.

COLE, J.*—On July 8, 1980, Barbara Bowers was struck and killed by a motorcycle driven by Keith Juttner, who was uninsured. Bowers's husband was appointed personal representative of her estate and received $45,000 from his insurer for uninsured motorist coverage, $30,000 from Island County and other parties in settlement of a wrongful death action and a judgment of $250,000 against Juttner.

On November 29, 1983, Bowers's former husband, Stephen Gaddis, asserted a claim against Safeco, his insurer, for uninsured motorist coverage on behalf of his and Bowers's two minor daughters, who lived with him. On March 14, 1985, Gaddis, as guardian for his daughters, brought this action against Safeco seeking arbitration of the dispute. Gaddis was later appointed personal representative of Bowers's estate for purposes of this action. The arbitrators determined that each daughter suffered damages in the amount of $175,000. The trial court deferred confirmation of the arbitration award pending determination by the

---

*The Honorable W. R. Cole is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

court of whether the action is barred by the statute of limitations, whether Gaddis's policy provides coverage and, if it does, what the policy limits are. The trial court determined the action was not barred by the statute of limitations, Gaddis's policy provides coverage to the daughters and the policy limit is $200,000 per child. Safeco appeals.

Gaddis's policy provides:

Part C—Uninsured Motorists Coverage
We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person and caused by accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle.
. . .
"Covered person" as used in this Part means:
1. You or any family member
. . .
Limit of Liability
The limit of liability stated in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. Subject to this limit for "each person," the limit of liability stated in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident. If this policy insures two or more autos or if any other auto insurance policy issued to you by us applies to the same accident, the limits applicable to Uninsured Motorists Coverage may be stacked.
. . .
"Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. It also means a ward or foster child who is a resident of your household.

The policy tracks the language of former RCW 48.22.030, which provided:

On and after January 1, 1968, no new policy or renewal of an existing policy insuring against loss resulting from

liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in RCW 46.29.490, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit–and–run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom . . .

"Bodily injury" is not defined by the policy. Gaddis's policy covered two cars and provided uninsured motorist coverage of $100,000 per person and $300,000 per accident.

▮▮▮▮ The dispositive issue is whether a claim for uninsured motorist coverage for loss of consortium is governed by the 3–year statute of limitations applicable to an action on the underlying automobile accident, RCW 4.16.080(2), or the 6–year statute of limitations applicable to an action on the written insurance policy, RCW 4.16.040(1). Because Safeco, the insurer, stands in the shoes of Juttner, the uninsured motorist, *State Farm Mut. Auto. Ins. Co. v. Bafus*, 77 Wn.2d 720, 724, 466 P.2d 159 (1970), and the Gaddis children's cause of action against Juttner is subject to the 3–year statute of limitations, their claim against Safeco is likewise subject to the 3–year statute of limitations. *See Sayan v. United Servs. Auto. Ass'n*, 43 Wn. App. 148, 716 P.2d 895, *review denied*, 106 Wn.2d 1009 (1986). Several other jurisdictions apply the tort, as opposed to the contract, statute of limitations when the insured seeks recovery on an uninsured motorist policy for wrongful death damages caused by an uninsured motorist. 1 A. Widiss, *Uninsured and Underinsured Motorist Insurance* § 7.8, at 209–11 (2d ed. 1987).[1] We choose to align ourselves with those jurisdictions.[2]

---

[1]Those jurisdictions holding to the contrary, *i.e.*, that the contract statute of limitations applies, do so by interpreting "legally entitled" restrictively. *See, e.g.*,

We are satisfied that "legally entitled" should be interpreted to mean that an insurer can invoke the tort statute of limitations if it could also have been invoked by the uninsured motorist. As noted by the *Sayan* court, a recurrent theme running through this state's uninsured motorist law is

> that the insurance company issuing uninsured motorist coverage stands in the shoes of the uninsured motorist, and provides to its insured the coverage that the uninsured motorist's insurance would have provided, had he but maintained such insurance. This is but shorthand for the principle, as one scholar puts it, that:
>> Fundamentally, . . . modern uninsured motorist coverage provides a motorist who carries a standard automobile liability policy and who suffers personal injuries by reason of the negligence of an uninsured motorist, rights against his own insurance company co-extensive with those he would have had against the uninsured tortfeasor.

(Citations omitted.) *Sayan*, at 157–58. This reasoning applies equally as well to the procedural bar posed by the statute of limitations in this case as it did to the substantive bar (governmental immunity) in *Sayan*. We see no reason to distinguish between the procedural and the substantive defenses insofar as they might be invoked by the insurer. Thus, there is no reason to deny to the insurance

---

*Brown v. Lumbermens Mut. Cas. Co.*, 285 N.C. 313, 204 S.E.2d 829, 831 (1974) ("legally entitled" means only that the uninsured motorist negligently harmed the insured); *cf. Franco v. Allstate Ins. Co.*, 505 S.W.2d 789, 792–93 (Tex. 1974) (insured's recovery from insurer for wrongful death sounds in contract, not tort, so contract statute of limitation applies). "Legally entitled," however, has been interpreted more broadly by our courts. *Sayan*, at 156–57 (insured must show that the uninsured motorist was at fault and that there exists no substantive bar to a cause of action). Furthermore, the mere fact the insured's recovery is on the contract does not justify applying the contract statute of limitations where the contract itself limits the insured's recovery to the damages he would be "legally entitled" to recover from the tortfeasor.

[2]We note Division Three of the Court of Appeals concluded the 6–year statute of limitations for breach of contract applies to uninsured motorist claims in *Safeco Ins. Co. v. Barcom*, 49 Wn. App. 903, 746 P.2d 1226 (1987).

company the right to invoke a defense that would be available to the tortfeasor to defeat the action. Accordingly, the Gaddis children are not "legally entitled to recover damages", under former RCW 48.22.030 and the policy, from Juttner more than 3 years after their cause of action accrued. Thus, neither are they entitled to uninsured motorist coverage. The Gaddis children's reliance on *Thompson v. Grange Ins. Ass'n,* 34 Wn. App. 151, 660 P.2d 307, *review denied,* 99 Wn.2d 1011 (1983) is misplaced as the court did not discuss the statute of limitations. An opinion which assumes a particular proposition is not an authority supporting that proposition. *See Blair v. WSU,* 108 Wn.2d 558, 577, 740 P.2d 1379 (1987).

The Gaddis children do not contend that their cause of action against Juttner accrued other than on the date of the fatal accident, July 8, 1980. Their claim against Safeco for uninsured motorist coverage thus expired on July 8, 1983, prior to the commencement of this action.

The judgment is reversed and the action is dismissed.

COLEMAN, A.C.J., and WILLIAMS, J., concur.

Review granted by Supreme Court May 31, 1988.