[Nos. 54946-0, 54997-4.   En Banc.   May 18, 1989.]

SAFECO INSURANCE COMPANY, *Petitioner,* v. GAYLON M. BARCOM, *Respondent.*

*In the Matter of the Estate of*
BARBARA BELL BOWERS.

STEPHEN GADDIS, *Petitioner,* v. SAFECO INSURANCE COMPANY, *Respondent.*

*Merrick, Hofstedt & Lindsey, P.S.,* by *Sidney R. Snyder, Jr.,* and *Leavy, Schultz & Sweeney,* by *John Schultz,* for petitioner Safeco Insurance Co.

*Fiore J. Pignataro,* for petitioner Gaddis.

*Westland, Liebler, Ivey, Larsen, Quigley & Hugill,* by *Michael L. Larsen,* for respondent Barcom.

*Gary W. House,* for respondent Safeco Insurance Co.

*Bryan P. Harnetiaux* and *Gary N. Bloom* on behalf of Washington State Trial Lawyers Association, amici curiae.

*William R. Hickman* and *Pamela A. Okano* on behalf of Pemco, Unigard, Mutual of Enumclaw, and Grange Insurance, amici curiae.

PEARSON, J.—These two cases, consolidated by order of this court for purposes of this opinion, both present the issue of whether the 6–year, contract statute of limitation, or the 3–year, tort statute of limitation applies to an insured's action against his or her insurer for benefits under the uninsured motorist (UIM) provisions of an automobile insurance policy.

### FACTS PERTAINING TO SAFECO V. BARCOM

On April 27, 1979, while riding as a passenger in his son's automobile, Gaylon Barcom was injured by an unidentified vehicle. At the time of the accident, Barcom and his son were each insured under their own Safeco Insurance Company (Safeco) automobile liability policies. One policy provided UIM coverage on each of Barcom's three automobiles and the other on his son's three automobiles. On August 13, 1979, Barcom's attorney informed Safeco that Barcom was claiming damages sustained in the accident under the UIM portion of his automobile policy. For the next 6 years, Barcom's attorney and Safeco engaged in numerous conversations regarding the accident and the extent of Barcom's injuries.

On January 8, 1986, nearly 7 years following the accident, Barcom's attorney made the first formal settlement demand for $90,000 of UIM coverage. One month later, on February 7, 1986, Barcom's attorney filed a demand for arbitration. On August 1, 1986, Safeco filed this action, a complaint for declaratory judgment against Barcom, alleging that the statute of limitation had run as to any claims Barcom might otherwise have had under the insurance policy. The trial court granted Safeco's motion for summary

judgment, holding as a matter of law that the statute of limitation barred Barcom's recovery under the policy.

The Court of Appeals, Division Three, reversed, holding that the 6-year statute of limitation applied, and that it did not begin to run until there was a breach of the contract of insurance. *Safeco Ins. Co. v. Barcom,* 49 Wn. App. 903, 746 P.2d 1226 (1987).

FACTS PERTAINING TO IN RE ESTATE OF BOWERS

Barbara Bell Bowers was struck and killed by an uninsured motorcyclist on July 8, 1980. Bowers was the mother of two children, whose ages at that time were 10 and 8, and whose legal custodian was Bowers' former husband, Stephen Gaddis. At the time of the accident, Gaddis was insured under a Safeco automobile liability insurance policy providing UIM coverage on each of Gaddis's two automobiles. While Bowers was not a named insured under Gaddis's policy, their two children resided with Gaddis.

Within 1 month following Ms. Bowers' death, Gaddis informed his insurance agent of the accident, and was told there was no coverage available under his policies. Additionally, a lawsuit was instituted against the uninsured motorcyclist on behalf of Gaddis's children, resulting in a judgment in their favor. In November 1983, Gaddis's attorney notified Safeco of the uninsured motorist claim on behalf of Gaddis's children, and on December 5, 1984, Gaddis demanded arbitration of that claim.

Upon receiving no response from Safeco, Gaddis filed a complaint to compel arbitration. On April 3, 1985, upon an order to show cause, the trial court ordered both parties to proceed to arbitration. In a 2-to-1 decision, the arbitrators awarded $175,000 or the policy limits, whichever was less, to each child. On Gaddis's motion to confirm the arbitration award, a second trial judge deferred confirmation pending the resolution of three specific legal issues in an ordered declaratory judgment action: (1) whether the action is barred by the statute of limitation; (2) whether Gaddis's

policy provides coverage in this instance; and (3) if the policy provides coverage, what are the policy limits.

Following a bench trial, a third judge resolved these three legal issues in favor of Gaddis, and entered a judgment in his favor, as personal representative of the estate of Bowers, in the amount of $175,000 for each of the minor children for a total of $350,000. The Court of Appeals, Division One, reversed and dismissed the action, holding that the 3–year tort statute of limitation barred Gaddis's action. *In re Estate of Bowers*, 50 Wn. App. 691, 750 P.2d 275 (1988).

### ANALYSIS

The major issue presented in this consolidated case is whether the tort statute of limitation or the contract statute of limitation applies to an insured's claim for UIM benefits against his insurer. As the two conflicting Court of Appeals decisions illustrate, this issue is one of first impression for this court. In holding that the terms of the contracts of insurance have not displaced the statute of limitation otherwise applicable to all written contracts, we affirm the decision in *Barcom* and reverse the decision in *Bowers*.

In both *Barcom* and *Bowers*, Safeco's obligation to its insured stems from a contractual agreement. In each case, Safeco specifically promised to

> pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person and caused by accident.

The policies of insurance in both cases contain no provisions with respect to a statute of limitation. The rule is well established that absent an agreement expressly displacing existing law, the statute provided by the Legislature will pertain. *Wagner v. Wagner*, 95 Wn.2d 94, 621 P.2d 1279 (1980). Accordingly, upon Safeco's breach of this contractual agreement, each insured had 6 years in which to commence an action for recovery:

Actions limited to six years. Within six years:
(1) An *action upon a contract in writing*, or liability express or implied arising out of a written agreement.

RCW 4.16.040.

Nevertheless, without reference to this rule of contractual construction, Safeco relies upon language in the policies to deny coverage by arguing that in order for an insured to be entitled to UIM coverage under the policy, the insured must first be "legally entitled to recover" from the actual tortfeasor. Theoretically, then, had either of the insureds proceeded against their respective tortfeasors *on the same dates* they proceeded against Safeco, they would have been barred all legal entitlement to damages under the tort statute of limitation:

Actions limited to three years. Within three years:

. . .

(2) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated . . .

RCW 4.16.080. Thus, Safeco argues, recovery against Safeco is barred under the contract of insurance as well. We are, however, thoroughly unpersuaded that the parties agreed to displace the applicable contract statute of limitation based solely upon this language pertaining to coverage.

One simple example from the factual situation in *Bowers* reveals the confused logic of Safeco's analysis, highlights the disorder that would ensue in attempting to enforce the contract in any instance were the tort statute of limitation to control, and provides proof positive that no clause in the contract displaced the otherwise applicable statute. A judgment, albeit an uncollectible judgment, presently exists against the motorcyclist who caused Ms. Bowers' death. In the strictest sense, there can be no instance of a greater legal right to recover than an already recorded judgment. To this day then, the precise policy language upon which Safeco relies to deny coverage continues to require Safeco to pay damages sustained by the insured.

Safeco argues *Sayan v. United Servs. Auto. Ass'n,* 43 Wn. App. 148, 716 P.2d 895, *review denied,* 106 Wn. 2d 1009 (1986) persuasively supports its position. In that case, as a result of sovereign immunity, no cause of action existed against the tortfeasor. Accordingly, the Court of Appeals held that no UIM coverage existed under the policy language, nor was it mandated by the UIM statute since at no time was the insured "legally entitled to recover" from the tortfeasor. *Sayan* simply does not provide the support Safeco advocates. Even if one were to ignore what some would term the artificial distinction between a substantive bar, such as sovereign immunity, and a personal defense, such as a statute of limitation, *at no time* was the insured in *Sayan* legally entitled to recovery from the tortfeasor. Whereas, in both *Barcom* and *Bowers,* the condition precedent to coverage existed for 3 years following the accident in each case, and continues to exist in *Bowers* to this day.

While it is true, as Safeco argues, that a UIM insurer steps into the shoes of the tortfeasor, blind application of this rule disregards the very real distinctions between the insured/insurer relationship and the plaintiff/tortfeasor relationship. Most noticeably, no contract exists between a plaintiff and his or her tortfeasor compelling payment of damages following an accident. Thus, there is less probability of amicable settlement in such an instance and no probability of forced arbitration.

At first glance, it would appear the rule advocated by Safeco would merely force every insured to file suit against his or her insurer within 3 years of an accident, even where no real disagreement exists. In those situations where arbitration was mandated under a policy of insurance, the insured would be forced to both complete arbitration and then file suit within a 3–year period. Such an analysis, however, does not fully consider the import of Safeco's argument.

Following the "legally entitled" argument to its logical conclusion, an insurer could demand in each instance that

an injured plaintiff obtain a judgment against the uninsured tortfeasor prior to any settlement under the contract of insurance, for only then is the plaintiff truly "legally entitled" to receive compensation from the tortfeasor. For in fact, under Safeco's analysis, absent a judgment against the tortfeasor, even if an insured filed suit against his or her insurer within 3 years of an accident, at the actual time of trial, the insurer could still argue that the insured was not "legally entitled to recover", since the statute of limitation would have already run against the tortfeasor at that point. In interpreting the contract of insurance, it simply cannot be said that the "legally entitled" coverage language was intended to encompass and thereby displace the otherwise applicable statute of limitation. Accordingly, it is not necessary to determine whether such a provision would be violative of the Legislature's purpose under RCW 48.22.030.

In finding the contract statute of limitation applicable in this case, we are not unmindful that some jurisdictions have applied a tort statute of limitation based upon arguments similar to those presented by Safeco today. *See Vaughn v. Collum,* 236 Ga. 582, 224 S.E.2d 416 (1976); *Bocek v. Inter–Insurance Exch.,* 175 Ind. App. 69, 369 N.E.2d 1093 (1977); *Brown v. Lumbermens Mut. Cas. Co.,* 285 N.C. 313, 204 S.E.2d 829 (1974). In fact in one such case, the problems inherent in the application of the tort statute of limitation are particularly glaring. In *Commercial Union Ins. Co. v. Wraggs,* 159 Ga. App. 596, 284 S.E.2d 19 (1981), the insured, having provided notice to his insurer of the accident, and having sued the tortfeasor within the applicable 2–year statute, did not learn of the tortfeasor's insolvency until 2 years after the accident had elapsed. While the insured was still most certainly entitled to recover from the tortfeasor, application of the tort statute barred the insured's action against his insurer, despite the lack of any prejudice to the insurer.

In rejecting the rule proposed by Safeco, Washington is aligned with those jurisdictions that apply the contract statute of limitation to an insured's UIM claim against his

or her insurer. *See Allstate Ins. Co. v. Spinelli,* 443 A.2d 1286 (Del. 1982); *Jacobs v. Detroit Auto. Inter–Insurance Exch.,* 107 Mich. App. 424, 309 N.W.2d 627 (1981); *De Luca v. Motor Vehicle Accident Indem. Corp.,* 17 N.Y.2d 76, 215 N.E.2d 482, 268 N.Y.S.2d 289 (1966); *Schulz v. Allstate Ins. Co.,* 17 Ohio Misc. 83, 244 N.E.2d 546 (1968); *Franco v. Allstate Ins. Co.,* 505 S.W.2d 789 (Tex. 1974).

■ Citing scant authority, Safeco argues that even if the contract statute of limitation applies, the statute should begin to run against the insured immediately on the date of the accident. Such an argument, however, ignores the fact that no justiciable controversy exists under a contract until a breach actually occurs. Additionally, it further ignores the concomitant rule that the statute of limitation does not begin to run until a breach of the contract occurs. *Taylor v. Puget Sound Power & Light Co.,* 64 Wn.2d 534, 392 P.2d 802 (1964). Accordingly, we agree with the court's rationale in *Jacobs v. Detroit Auto. Inter–Insurance Exch., supra,* and hold that the contract statute of limitation begins to run against an insured on the date of the breach of the contract of insurance by the insurer.

Despite Safeco's argument to the contrary, such a rule does not prejudice the insurer. Foremost, both policies in this case require the insured to give prompt notice to the insurer following an accident. Additionally, principles of equity and the contracts of insurance protect the insurer's interest by providing reimbursement and subrogation rights. Theoretically, under the terms of a contract of insurance, some action by the insured that prejudices the insurer's rights might in fact eliminate coverage well before the applicable statute of limitation were actually to have run. As a result, application of the rules set forth in this opinion, rules that are mandated by the policies of insurance, does not prejudice the rights of the insurer.

The facts in *Barcom* indicate that the insured notified Safeco of his UIM claim less than 4 months following the accident. Safeco has not alleged any prejudice from this action. Additionally, the contract statute of limitation was

met when this action was filed within 6 months of Safeco's refusal to arbitrate. Accordingly, we affirm the Court of Appeals decision in *Barcom* and order the case remanded for arbitration.

The facts in *Bowers* indicate that Gaddis informed his insurance agent of Ms. Bowers' death within 1 month of the accident. At that time, he was informed that no coverage existed. Within the 3–year tort statute of limitation, an action was brought against the tortfeasor resulting in a judgment in favor of Ms. Bowers's children. Less than 5 years after first being told no coverage existed, this action was instituted tolling the contract statute of limitation. Accordingly, we reverse the Court of Appeals decision in *Bowers,* and remand to the Court of Appeals for consideration of the additional issues raised by Safeco in its brief to that court.[1]

UTTER, BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, DURHAM, and SMITH, JJ., concur.

CALLOW, C.J. (concurring in part, dissenting in part)—I agree with the majority's analysis with respect to the applicable *statute of limitation period.* Accordingly, I concur in *Safeco Insurance Company v. Barcom.*

However, in Bowers v. Safeco Insurance Company, the majority remands the case to the Court of Appeals "for consideration of . . . additional issues", to wit: "(2) whether [the] policy provides coverage in this instance; and (3) if the policy provides coverage, what are the policy limits." Majority, at 584, 578–79. I disagree.

This court should dispose of these issues rather than remand them to the Court of Appeals. Remand means delay and expense to the parties, and imposes an additional step in the proceedings. We can adjudicate the issues more

---

[1]The dissent inappropriately attempts to decide issues not presently before this court. Absent briefing and argument by the parties, absent consideration by the Court of Appeals, and absent compliance with RAP 2.4, the only appropriate course of action is to remand to the Court of Appeals.

expeditiously and eliminate duplication of effort if we resolve these issues now.

The decedent's children seek to recover for the wrongful death of their mother under their father's insurance policy. The policy language provides:

We will pay damages which a covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle *because of bodily injury sustained by a covered person* and caused by an accident.

(Italics mine). *See also* RCW 48.22.030. The children, but not the mother, were named insureds under the father's policy. The children have already recovered to the UIM limits on the mother's policy.

The children assert that they can recover under the father's policy for their mother's wrongful death because they are "covered persons" "legally entitled to recover" damages from the uninsured motorist under the wrongful death statute, relying on *Grange Ins. Ass'n v. Hubbard,* 35 Wn. App. 407, 667 P.2d 121, *review denied,* 100 Wn.2d 1023 (1983). In *Hubbard,* a mother sued to recover damages under the UIM portion of her liability insurance policy for loss of consortium under RCW 4.24.010 (the child–death statute) resulting from the death of her son. 35 Wn. App. at 411. The policy did not cover her son because he had been joyriding in a stolen car at the time he was killed. 35 Wn. App. at 409 & n.3. The parties stipulated that she could not recover for his injuries in a representative capacity under the wrongful death statute. 35 Wn. App. at 409. However, the court held that the mother's loss of consortium claim constituted an "independent action of her own" and therefore permitted her to recover under the policy. 35 Wn. App. at 413.

We recently decided *Eurick v. Pemco Ins. Co.,* 108 Wn.2d 338, 738 P.2d 251 (1987). In *Eurick,* parents sued to recover damages under the UIM portion of their liability insurance policy for loss of consortium under RCW 4.24-.010. 108 Wn.2d at 341. The policy did not cover the son because he had been riding a motorcycle at the time he was

killed. 108 Wn.2d at 340. The parties stipulated that the parents could not recover for his injuries in a representative capacity under the wrongful death statute. 108 Wn.2d at 340. We held that a reasonable person reading the motorcycle exclusion would conclude that it also applied to bar the parents' claim for loss of consortium. 108 Wn.2d at 338–39.

If *Eurick* has overruled *Hubbard,* then the policy clearly does not provide coverage for the children's wrongful death claim. The clear intent of the contract is to exclude from the set of risks that Safeco would insure against, and that respondents would pay premiums for, *all* claims arising from bodily injuries sustained by persons not covered by the insurance policy. Compare *Eurick,* 108 Wn.2d at 342. Because the mother was not covered by the insurance policy, the children's claim would be barred.

Even if *Hubbard* remains good law, it does not show that the decedent's children should recover in this case. At the time of the mother's death, Washington law did not permit recovery for loss of parental consortium. *Roth v. Bell,* 24 Wn. App. 92, 600 P.2d 602 (1979). In 1984, 4 years after the accident, this court decided to permit such recovery, but explicitly made its holding prospective only. *Ueland v. Pengo Hydra–Pull Corp.,* 103 Wn.2d 131, 140–41, 691 P.2d 190 (1984). Unlike in *Hubbard,* then, the decedent's children *cannot* recover for loss of consortium.

Instead, the decedent's children must rely solely on their claim brought in a representative capacity under the wrongful death statute. The children's guardian brings a wrongful death claim as a representative of the deceased mother's estate. RCW 4.20.010. Because the mother was not a covered person under the father's policy, she could not maintain a claim against the insurance company. Neither can her representative in a wrongful death action. Compare *Eurick,* 108 Wn.2d at 341; *Hubbard,* 35 Wn. App. at 409.

I would hold that the insurance policy does not cover the decedent's children's claim, and would affirm the judgment of the Court of Appeals. I dissent.