[No. 41222-1-I.   Division One.   March 22, 1999.]

NORTH COAST ENTERPRISES, INC., *Respondent*, v. FACTORIA PARTNERSHIP, ET AL., *Appellants*.

*Jameson Babbitt Stites & Lombard, P.L.L.C.*, by *Bradley P. Thoreson, Henry C. Jameson*, and *Nancy W. Preg*, for appellants.

*Groff & Murphy, P.L.L.C.*, by *Douglas R. Roach* and *Jerold Everard*, for respondent.

KENNEDY, C.J. — Washington courts have not applied the discovery rule to claims arising out of latent defects in work performed under a construction contract. The equities of this case do not compel us to apply the discovery rule here. Accordingly, the trial court did not err in concluding that Factoria Partnership's claims accrued when the contract was breached and that the six-year statute of limitation contained in RCW 4.16.040(1) bars the claims for latent defects. The record does not support Factoria Partnership's contention that its pleadings contain an additional cause of action for breach of a repair warranty. Our consideration of this claim would, in effect, allow Factoria Partnership to amend its pleadings on appeal. The motion to strike those portions of Factoria Partnership's brief referring to the breach of repair warranty claim is granted. We affirm the trial court's order granting judgment on the pleadings to North Coast Enterprises, Inc.

## FACTS

In April 1997, North Coast Enterprises, Inc. (North

Coast) sought a declaratory judgment that its work performed on the construction of Sterling Plaza, a commercial office building, was not defective and that since construction was substantially complete by February 1990, any claims arising out of construction defects were barred by the six year statute of limitation. North Coast had executed a tolling agreement with Factoria Partnership (Factoria) in November 1996, that covered only claims that were not already time-barred. Citing the tolling agreement and the statute of limitation, North Coast sought to limit its contractual liability to claims arising out of the warranty period following completion of construction. North Coast averred that the contract provided for a one-year repair warranty and that North Coast had arranged for repairs pursuant to the warranty after construction was completed in February 1990, but also alleged that Factoria had waived any claims arising out of the warranty because Factoria had undertaken repairs with its own personnel.

In answer, Factoria admitted that it had contacted North Coast and others to perform repairs after construction was completed but denied "that North Coast's work would be warranted for a period of one year from the date of substantial completion of the Project." Instead, Factoria alleged that "the contract speaks for itself and there are many warranties contained therein." Factoria filed a counterclaim against North Coast alleging that Factoria had discovered latent construction defects that were not in conformity with the contract's project specifications and that breached express warranties of quality. Factoria alleged that the window wall system in Sterling Plaza began to leak in 1990, after the project was substantially complete. At first, Factoria believed the leaks to be minor. However, in 1995, after extensive leaking in the penthouse and other areas of the building, Factoria retained a forensic engineering firm to examine the building and discovered that the construction of the window wall system and portions of the penthouse was defective. Factoria's counterclaim sought damages allegedly resulting from North Coast's defective

work and included excerpts from the contract's warranties of quality.

North Coast moved for judgment on the pleadings, citing the statute of limitation. In response, Factoria argued that its claims were not barred because they had not accrued until the discovery of the latent defects. The trial court dismissed Factoria's claims with prejudice. Factoria moved for certification of the order as a final judgment under CR 54(b). The court granted the motion and, in support of the certification, entered supplemental findings stating that "the adjudicated claim was based on the application of the discovery rule to breach of contract claims" and that "the question that would be viewed on appeal is the application of the discovery rule to a breach of contract."

## DISCUSSION

Factoria argues that the court erred in refusing to apply the discovery rule to its claims arising out of latent defects in work performed under a construction contract that was substantially complete by February 1990.

Standard of Review

■■ North Coast argues that its motion for judgment on the pleadings was transformed into a summary judgment motion because Factoria submitted a declaration in opposition to the CR 12(c) motion. Factoria responds that the trial court excluded the declaration from its consideration and did not treat the motion as one for summary judgment under CR 56. The information contained in the declaration, a description of the project's leaks in 1995 and the negotiations between the parties prior to trial, was not material to the disposition of North Coast's motion. Therefore, we will treat the trial court's order as a judgment on the pleadings, which we review de novo. *See City of Moses Lake v. Grant County*, 39 Wn. App. 256, 259, 693 P.2d 140 (1984); *Loger v. Washington Timber Prods., Inc.*, 8 Wn. App. 921, 924, 509 P.2d 1009 (1973); *see also American Civil Liberties Union v. Blaine Sch. Dist. No. 503*, 86 Wn. App. 688, 692, 937 P.2d 1176 (1997).

In reviewing an order entering judgment on the pleadings, we examine the pleadings to determine whether the claimant can prove any set of facts, consistent with the complaint, which would entitle the claimant to relief. *Moses Lake*, 39 Wn. App. at 258, *citing Gould v. Mutual Life Ins. Co.*, 37 Wn. App. 756, 759, 683 P.2d 207 (1984).

North Coast has moved to strike the portions of Factoria's brief that introduce a copy of the parties' contract, contending that we should not permit Factoria to supplement the record on appeal. However, this court may consider any factual scenario under which Factoria might have a valid claim, including facts asserted for the first time on appeal. *Cf. Roth v. Bell*, 24 Wn. App. 92, 94, 600 P.2d 602 (1979) ("In making the essentially legal determination [under CR 12(b)(6)] of whether there is any state of facts that the plaintiffs could prove entitling them to relief under their claim, we accept as true the factual allegations of the complaint and, where necessary, those facts raised for the first time on appeal."). Therefore, we decline to strike the portions of Factoria's brief incorporating the parties' contract.

Application of the Discovery Rule

■ The statute of limitation for actions based on a written contract or on liability arising out of a written agreement is six years. RCW 4.16.040(1). Our courts have consistently held that the statute of limitation in a contract action begins to run when the contract is breached. *See City of Algona v. City of Pacific*, 35 Wn. App. 517, 521, 667 P.2d 1124 (1983). Factoria argues that in an action on a construction contract, courts should apply the discovery rule to find that a cause of action does not accrue until the discovery of a latent defect. Under the discovery rule, the statute of limitation would have begun to run when Factoria, exercising due diligence, should have discovered the alleged construction defects. Because the issue of due diligence presents a factual question, Factoria argues that its claims were improperly dismissed on the pleadings.

Although the discovery rule has been applied to certain

categories of actions by statute or by the courts, Washington courts have not applied the rule to breach of contract claims. Courts have applied the discovery rule to postpone accrual in several types of tort claims: "In certain torts . . . injured parties do not, or cannot, know they have been injured; in these cases, a cause of action accrues at the time the plaintiff knew or should have known all of the essential elements of the cause of action." *White v. Johns-Manville Corp.*, 103 Wn.2d 344, 348, 693 P.2d 687, 49 A.L.R.4TH 955 (1985). In *In re Estates of Hibbard*, 118 Wn.2d 737, 749-50, 826 P.2d 690 (1992) our Supreme Court limited application of the discovery rule to "claims in which the plaintiffs could not have immediately known of their injuries due to professional malpractice, occupational diseases, self-reporting or concealment of information by the defendant[,]" but extended its application to include claims in which plaintiffs could not immediately know of the cause of their injuries. None of these situations is analogous to the situation here. North Coast was not a fiduciary of Factoria. The alleged injury was not inherently undetectable, nor did North Coast limit or control Factoria's access to information about the work performed on the contract. *See Hibbard*, 118 Wn.2d at 747-49. Therefore, we decline to apply the discovery rule in this case.

Breach of the Repair Warranty

Factoria also contends that its pleadings assert a breach of repair warranty claim that is not barred by the statute of limitation. North Coast has moved to strike the portions of Factoria's brief that refer to the repair warranty on the ground that Factoria did not raise or argue this claim below.

In oral argument for this appeal, Factoria conceded it had not alleged below that North Coast defectively repaired the Sterling Plaza building in breach of the repair warranty. However, Factoria argues that the existence of a repair warranty and North Coast's breach of the warranty subsequent to construction are hypothetical facts that may be considered on appeal. Any breach subsequent to substantial completion of construction would be covered by

the parties' tolling agreement and thus would not be barred by the statute of limitation. Because a hypothetical breach of a repair warranty would survive the statute of limitation challenge, Factoria urges us to reverse the order entering a judgment on the pleadings.

■ In reviewing the trial court's entry of judgment on the pleadings, we examine the pleadings to determine whether the claimant can prove any set of facts, consistent with the complaint, that would entitle the claimant to relief. *Moses Lake*, 39 Wn. App. at 258, *citing Gould*, 37 Wn. App. at 759. Here, the allegation that North Coast performed defective repairs in breach of its contract obligations is not consistent with Factoria's pleadings. In response to North Coast's statute of limitation argument, Factoria did not allege that North Coast had a one-year repair obligation under the contract or that North Coast had breached its contractual obligations after February 1990. In fact, Factoria denied North Coast's allegation that under the contract "North Coast's work would be warranted for a period of one year from the date of substantial completion of the Project."

In a motion for judgment on the pleadings, the moving party admits all facts well pleaded and the untruth of allegations that have been denied by the nonmoving party. *Hodgson v. Bicknell*, 49 Wn.2d 130, 136, 298 P.2d 844 (1956). In considering North Coast's motion, the trial court properly drew all factual inferences in favor of Factoria and accepted Factoria's denials as true. On review, we engage in a similar inquiry, and will not draw inferences or consider additional factual allegations that contradict Factoria's allegations below.

Although courts generally construe pleadings liberally, the civil rules require that a party's pleadings give notice " 'that is sufficient to advise the other party of the event being sued upon[.]' " *RTC Transp., Inc. v. Walton*, 72 Wn. App. 386, 390 n.3, 864 P.2d 969 (1994) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE 69 (2d ed. 1990)). In opposing a declaratory judg-

ment based on the six-year statute of limitation, Factoria did not allege or argue that North Coast breached the contract after February 1990. Therefore, it is reasonable to conclude that Factoria's claims at trial were based solely on latent construction defects and not on work later performed by North Coast. *See O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976) ("A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."). We conclude that we cannot reasonably infer a repair warranty claim from Factoria's pleadings and that our consideration of the claim would, in effect, permit Factoria to amend the pleadings on appeal. Therefore, the motion to strike those portions of Factoria's brief that refer to the repair warranty claim is granted.

Affirmed.

GROSSE and APPELWICK, JJ., concur.

Review denied at 138 Wn.2d 1022 (1999).