
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STEPHEN THOMAS LYNCH,     )
    )    DIVISION ONE
        Appellant,     )
    )    No. 76948-1-I
     v.     )
    )    UNPUBLISHED OPINION
STATE OF WASHINGTON, and     )
CHERYL MUSTAIN, in her capacity     )
as a corrections officer for the state of     )
Washington, and as an individual, and     )
KIMBERLI DEWING, in her capacity     )
as a corrections officer for the state of     )
Washington, and as an individual,     )
    )
        Respondents,     )
    )
DOES 1 through 30,     )
    )
        Defendants.     )    FILED: June 25, 2018
    )

DWYER, J. — Stephen Lynch appeals from the trial court's order

dismissing, pursuant to CR 12(c), his actions filed against the State of

Washington and Department of Corrections community correctional officers

Cheryl Mustain and Kimberli Dewing. Lynch contends that the trial court erred

because his pleadings set forth legally sufficient and timely actions against the

State, Mustain, and Dewing pursuant to 42 U.S.C. § 1983 and various state law

tort theories. Because there is nothing in the pleadings to support that Lynch

alleged a cognizable § 1983 action or timely filed his state law tort claims, we

conclude that the trial court did not err by ordering dismissal. Accordingly, we affirm.

I

In 2006, Lynch pleaded guilty to one count of felony harassment.[1] After sentence was imposed in 2006, Lynch was placed under the supervision of the Department of Corrections (DOC). During this supervisory period, Lynch was monitored by Mustain. A condition of Lynch's sentence prohibited him from having contact with his neighbor (the victim of his felony harassment conviction), Connie Laire.

In mid-September 2007, Lynch telephoned Mustain to report an interaction that he had with Laire. He reported that, while in the passenger seat of a car driven by a business partner, he had argued with asphalt workers who were laying speed bumps on the driveway leading up to his residence. Lynch reported that, during that time, Laire had exited her nearby residence and observed the scene. Lynch reported that he did not address Laire during the incident.

In late September, Laire contacted Mustain to discuss Lynch's conduct outside of her residence earlier that month. Mustain's notes from Laire's call read: "Per Connie she was out side with her hired help when P[2] and his friend drive up and started barking at the. [sic]. Per Connie P did not lok [sic] at her but was screaming at her and the workers about being on his property etc."

---

[1] Lynch entered a guilty plea in accordance with North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).
[2] The parties do not dispute that "P" in Mustain's notes referred to Lynch.

Shortly thereafter, Mustain and Dewing determined that Lynch had violated the no-contact condition of his felony harassment sentence and they approved his detention. In early October, Lynch was taken into custody and transported to a jail. He was released from detention one month later, at the end of October 2007.

More than nine years after his release from detention, in November 2016, Lynch filed a complaint against the State of Washington, Mustain, Dewing, and "Does 1 through 30," alleging that, in October 2007, he was unlawfully seized in violation of the Fourth Amendment, unlawfully arrested without probable cause in violation of the Fourth Amendment, unlawfully harmed while in custody in violation of the Eighth and Fourteenth Amendments, and that he was subjected to "false arrest/false imprisonment," negligence, and "trespass to personal property and/or conversion."

Lynch alleged that the foregoing wrongful conduct arose from when he was detained in October 2007 for violating the condition of his sentence prohibiting him from having contact with Laire. Specifically, Lynch alleged that, prior to and during his period of detention, he informed the defendants of his health problems, he was denied medical treatment, and, as a result, he "suffered." He further alleged that he did not receive his required medications, lost 12 pounds of weight, and, on one occasion, had been handcuffed to a wheelchair and lost consciousness. In addition, he alleged that he had been denied an attorney, that DOC refused to accelerate his violation hearing, that he

was transferred to three different jails, and that the records maintained by DOC misstated the date of the alleged violation.

Additionally, Lynch alleged that, upon his release, his clothes, wallet, money, identification, and keys were not returned to him. He alleged that the search for his property took weeks after his release and that, "eventually," his property was returned to him after being "misplaced" by DOC employees. His complaint did not set forth the date on which his property was alleged to have been returned to him.

The defendants moved to dismiss Lynch's complaint pursuant to CR 12(c).[3] The trial court granted the defendants' motion and dismissed Lynch's complaint.

II

In this matter, we are called upon to review the trial court's order dismissing Lynch's complaint pursuant to CR 12(c).

The rule provides:

> **Motion for Judgment on the Pleadings.** After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by rule 56.

CR 12(c).

---

[3] The Defendants' dismissal motion was initially characterized as a CR 12(b)(6) motion, but their reply brief before the trial court indicated that they were, in actuality, seeking dismissal pursuant to CR 12(c).

We review de novo a trial court's dismissal of a claim pursuant to CR 12(c). Nw. Animal Rights Network v. State, 158 Wn. App. 237, 241, 242 P.3d 891 (2010) (citing Parrilla v. King County, 138 Wn. App. 427, 431, 157 P.3d 879 (2007)). In so doing,

> [w]e examine the pleadings to determine whether the plaintiff can prove any set of facts consistent with the complaint that would entitle the plaintiff to relief. N. Coast Enters., Inc. v. Factoria P'ship, 94 Wn. App. 855, 859, 974 P.2d 1257 (1999). The factual allegations contained in the complaint are accepted as true. N. Coast Enters., 94 Wn. App. at 859 (quoting Roth v. Bell, 24 Wn. App. 92, 94, 600 P.2d 602 (1979)).

Nw. Animal Rights Network, 158 Wn. App. at 241.[4]

A

Lynch contends that the trial court erred by dismissing his alleged § 1983 monetary damages actions against the State of Washington. We disagree.

42 U.S.C § 1983 provides a civil cause of action for monetary damages against any "person" who deprives another of "any rights, privileges, or immunities secured by" the United States Constitution.

Significantly, however, a sovereign state of the United States is not a "person" within the meaning of § 1983 and is, thus, not subject to a monetary damages suit. Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 617, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002) ("Lapides' only federal claim against the State arises under 42 U.S.C. § 1983, that claim seeks only monetary damages, and we have held that a State is not a 'person' against whom a § 1983

---

[4] We may affirm the trial court's order dismissing Lynch's complaint pursuant to CR 12(c) on any basis supported by the record. State v. Costich, 152 Wn.2d 463, 477, 98 P.3d 795 (2004).

claim for money damages might be asserted."). Accord Will v. Mich. Dep't of State Police, 491 U.S. 58, 64, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); Wash. State Republican Party v. Pub. Disclosure Comm'n, 141 Wn.2d 245, 285-86, 4 P.3d 808 (2000); Smith v. State, 135 Wn. App. 259, 270, 144 P.3d 331 (2006).

Lynch's complaint alleged that the State of Washington deprived him of various constitutional rights in violation of § 1983 and that, as a result, he is entitled to monetary damages against the State. As indicated, however, the State is not a "person" within the meaning of § 1983. Lapides, 535 U.S. at 617. Thus, Lynch's claims for money damages are not cognizable. Lapides, 535 U.S. at 617.

Hence, there is no basis in the pleadings to support Lynch's alleged § 1983 actions against the State. The trial court did not err by dismissing these claims.

B

Lynch next contends that the trial court erred by dismissing his § 1983 damages actions against Mustain and Dewing. Again, we disagree.

As pertinent here, Lynch's complaint alleged the following:

> On or about February 8, 2016, the King County Superior Court entered an order which provided as follows:
> (a) Mr. Lynch was permitted to withdraw his guilty plea in the matter;
> (b) A plea of **not guilty** was entered by the Court on behalf of the Mr. Lynch;
> (c) The conviction was **vacated**, and the case was **dismissed with prejudice**;
> (d) Mr. Lynch was released from all penalties and disabilities resulting from the offense; and

(e) The Court directed that for all purposes, including responding to questions on employment applications, **Mr. Lynch may state that he has never been convicted of the crime.**

Given these allegations, Lynch contends that he accrued a cognizable monetary damages action pursuant to § 1983 against Mustain and Dewing when his conviction was vacated and dismissed by the superior court.

In support of this proposition, Lynch relies on the United States Supreme Court's opinion in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). The Court's opinion reads, in pertinent part:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, **a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.** Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (bolded emphasis added) (italicized emphasis in original) (footnotes omitted).

As an initial matter, there is no dispute that Lynch's § 1983 monetary damages actions against Mustain and Dewing, if proved, would "necessarily imply" the invalidity of his conviction and sentence. Heck, 512 U.S. at 487. Moreover, as indicated, Lynch's complaint set forth that a superior court order vacated his conviction and dismissed his case.

However, Lynch's reliance on Heck is unavailing. The Court in Heck did not rule that vacation of a conviction or dismissal of a case established a cognizable § 1983 damages action. 512 U.S. at 486-87. Rather, the Court ruled that, when a party seeks to file a § 1983 action that necessarily implies the invalidity of a conviction or sentence, the party's § 1983 action becomes cognizable only when the underlying conviction or sentence is determined to have been *invalidated*, *i.e.*, deemed unconstitutional or unlawful. Heck, 512 U.S. at 486-87.

Nevertheless, relying on the foregoing trial court order, Lynch contends that, by vacating his sentence, the trial court, in actuality, invalidated his conviction and sentence. Lynch is mistaken.

The trial court order referenced in Lynch's complaint was an order entered pursuant to RCW 9.94A.640. This statutory provision reads, in pertinent part:

> **Vacation of offender's record of conviction.** (1) Every offender who has been discharged under RCW 9.94A.637 may apply to the sentencing court for a *vacation of the offender's record of conviction*. If the court finds the offender meets the tests prescribed in subsection (2) of this section, the court may clear the record of conviction by: (a) Permitting the offender to withdraw the offender's plea of guilty and to enter a plea of not guilty; or (b) if the offender has been convicted after a plea of not guilty, by the court setting aside the verdict of guilty; and (c) by the court dismissing the information or indictment against the offender.

(2) An offender may not have the record of conviction cleared if: (a) There are any criminal charges against the offender pending in any court of this state or another state, or in any federal court; (b) the offense was a violent offense as defined in RCW 9.94A.030; (c) the offense was a crime against persons as defined in RCW 43.43.830; (d) the offender has been convicted of a new crime in this state, another state, or federal court since the date of the offender's discharge under RCW 9.94A.637; (e) the offense is a class B felony and less than ten years have passed since the date the applicant was discharged under RCW 9.94A.637; (f) the offense was a class C felony, other than a class C felony described in RCW 46.61.502(6) or 46.61.504(6), and less than five years have passed since the date the applicant was discharged under RCW 9.94A.637; or (g) the offense was a class C felony described in RCW 46.61.502(6) or 46.61.504(6).

(3) Once the court *vacates a record of conviction* under subsection (1) of this section, the fact that the offender has been convicted of the offense shall not be included in the offender's criminal history for purposes of determining a sentence in any subsequent conviction, and the offender shall be released from all penalties and disabilities resulting from the offense. For all purposes, including responding to questions on employment applications, an offender whose conviction has been *vacated* may state that the offender has never been convicted of that crime. *Nothing in this section affects or prevents the use of an offender's prior conviction in a later criminal prosecution.*

(Emphasis added.)

There is no indication that RCW 9.94A.640 allows for the invalidation of an offender's conviction or sentence. By its plain terms, it provides not for a conviction's invalidation but, rather, for vacation of the record of conviction. RCW 9.94A.640(1), (3). Indeed, the word "invalid"—or any variant thereof— appears nowhere in RCW 9.94A.640. Moreover, subsection (3) of RCW 9.94A.640 presupposes the validity of the underlying conviction, setting forth that, "Nothing in this section affects or prevents the use of an offender's prior conviction in a later criminal prosecution." Thus, RCW 9.94A.640 lends no support to Lynch's argument.

Subsection (1) of RCW 9.94A.640 sets forth that a discharge of a sentence pursuant to RCW 9.94A.637 is a predicate to obtaining vacation of an offender's record of conviction pursuant to RCW 9.94A.640.

This statute provides, in pertinent part:

(1)(a) When an offender has completed all requirements of the sentence, including any and all legal financial obligations, and while under the custody and supervision of the department, the secretary or the secretary's designee shall notify the sentencing court, which shall discharge the offender and provide the offender with a certificate of discharge by issuing the certificate to the offender in person or by mailing the certificate to the offender's last known address.

. . . .
(5) The discharge shall have the effect of restoring all civil rights not already restored by RCW 29A.08.520, and the certificate of discharge shall so state. *Nothing in this section prohibits the use of an offender's prior record for purposes of determining sentences for later offenses as provided in this chapter. Nothing in this section affects or prevents use of the offender's prior conviction in a later criminal prosecution either as an element of an offense or for impeachment purposes.* A certificate of discharge is not based on a finding of rehabilitation.
(6) Unless otherwise ordered by the sentencing court, *a certificate of discharge shall not terminate the offender's obligation to comply with an order that excludes or prohibits the offender from having contact with a specified person or coming within a set distance of any specified location that was contained in the judgment and sentence. An offender who violates such an order after a certificate of discharge has been issued shall be subject to prosecution according to the chapter under which the order was originally issued*

RCW 9.94A.637 (emphasis added).

By its plain terms, RCW 9.94A.637 does not implicate the validity of an offender's sentence or the offender's underlying conviction. Indeed, the word "invalid" appears nowhere in this provision.

Instead, RCW 9.94A.637 sets forth the circumstances under which an offender's sentence may be discharged when the offender completes the requirements of the offender's sentence. Moreover, RCW 9.94A.637 permits the State, notwithstanding that the offender has obtained a certificate of discharge, to rely on the offender's conviction or sentence in a later criminal prosecution. RCW 9.94A.637(5), (6). In this light, the provisions of RCW 9.94A.637 presuppose that the offender's underlying sentence is valid. Thus, RCW 9.94A.637 does not support Lynch's contention.

Furthermore, there is nothing in either RCW 9.94A.637 or RCW 9.94A.640 that authorizes the trial court to issue findings of fact or reach a determination regarding the validity of an offender's conviction or sentence. Indeed, Lynch did not need to prove the invalidity of his conviction in order to obtain the relief he requested pursuant to subsections .637 and .640.

Thus, there is no indication that Lynch ever established the invalidity of the judgment entered on his conviction or the sentence imposed thereon. Because Lynch has not established that his conviction or sentence was invalid, his § 1983 damages actions against Mustain and Dewing are not cognizable. Heck, 512 U.S. at 486-87.

Accordingly, there is no basis in the pleadings to support Lynch's § 1983 actions against Mustain and Dewing. There was no error in dismissing the claims.

C

Lynch next contends that the trial court erred by dismissing his state law tort actions against the State, Mustain, and Dewing. Once again, we disagree.

> As a general rule, a tort "cause of action accrues at the time the act or omission occurs." In re Estates of Hibbard, 118 Wn.2d 737, 744, 826 P.2d 690 (1992). The discovery rule is an exception to the general rule. Hibbard, 118 Wn.2d at 744-45. Application of the discovery rule extends to "claims in which plaintiffs could not immediately know of the cause of their injuries." Hibbard, 118 Wn.2d at 750.
>
> > In certain torts, . . . injured parties do not, or cannot, know they have been injured; in these cases, a cause of action accrues at the time the plaintiff knew or should have known all of the essential elements of the cause of action.
>
> White v. Johns-Manville Corp., 103 Wn.2d 344, 348, 693 P.2d 687 (1985); see also Deggs v. Asbestos Corp., 186 Wn.2d 716, 727, 381 P.3d 32 (2016).
>
> Under the discovery rule, a cause of action accrues when the plaintiff "knew or should have known the essential elements of the cause of action." Allen[ v. State], 118 Wn.2d [753,] 757-58[, 826 P.2d 200 (1992)]. . . . We may decide the applicability of the discovery rule as a matter of law where the facts are subject to only one reasonable interpretation. Allen, 118 Wn.2d at 760.

Brown v. Dep't of Corr., 198 Wn. App. 1, 12, 392 P.3d 1081 (2016).

The statutory limitation period applicable to both an action for negligence and an action for trespass upon personal property is three years. RCW 4.16.080(2); Woods View II, LLC v. Kitsap County, 188 Wn. App. 1, 20, 352 P.3d 807 (2015) (negligence); Hudson v. Condon, 101 Wn. App. 866, 872-73, 6 P.3d 615 (2000) (conversion). The torts of false arrest and false imprisonment "are subject to a two-year statute of limitations under RCW 4.16.100." Southwick v.

Seattle Police Officer John Doe #s 1-5, 145 Wn. App. 292, 297, 186 P.3d 1089 (2008).[5]

Accepting Lynch's allegations as true, the misconduct by the State, Mustain, and Dewing occurred in 2007. Lynch filed the complaint here at issue in 2016, nine years after the alleged misconduct occurred.

There is nothing in the pleadings that supports a later accrual date for any of Lynch's alleged state law tort actions.[6] Thus, these actions were filed well beyond their applicable statutory limitation period. Accordingly, the trial court did not err by ordering dismissal of the claims. There was no error.[7]

Affirmed.

We concur:

_____ Dwyer, J.

_____ Leach, J.

_____ Schindler, J.

---

[5] To the extent that any of these tort claims arose from acts independent of the underlying conviction and are contended by Lynch to be the basis for a § 1983 claim, that federal claim has the same statutory limitation period as its analogous state claim. Southwick, 145 Wn. App. at 297 (citing Robinson v. City of Seattle, 119 Wn.2d 34, 86, 830 P.2d 318 (1992)).

[6] Lynch relies on our opinion in Brown, 198 Wn. App. 1, for the proposition that his state law tort actions did not accrue until his conviction was vacated in 2016. His reliance is unavailing.

There is nothing in the pleadings submitted that put into doubt that, in 2007, Lynch "'knew or should have known all of the essential elements of the cause of action'" for each of his alleged tort claims. Brown, 198 Wn. App. at 12 (quoting White, 103 Wn.2d at 348).

[7] Given our disposition of this matter, the parties' motions on appeal are denied.