# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| KURT A. BENSHOOF, | No. 85465-8-I |
| Appellant, | |
| v. | DIVISION ONE |
| JESSICA R. OWEN, | UNPUBLISHED OPINION |
| Respondent. | |

BIRK, J. — Kurt Benshoof appeals the trial court's order ejecting him from the property at issue (the Property), arguing the trial court erred by: (1) dismissing his claims, (2) canceling the lis pendens he recorded against the Property, (3) denying Benshoof's motion to amend his complaint, (4) refusing to allow him to testify remotely, and (5) limiting evidence of monetary contributions to the Property. Benshoof further argues the "totality of the trial court's rulings" exhibited bias. We affirm.

I

Before the purchase of the Property, Benshoof and Jessica Owen were in a relationship. The relationship ended in 2012. On October 13, 2014, Owen contracted to purchase the Property. On December 30, 2014, with the help of her parents, Owen closed the transaction and title was conveyed to Owen and her parents. Owen moved into the Property in January 2015, and Benshoof moved into the Property in March 2016. In December 2018, Owen refinanced the Property

and her parents conveyed their interest to her. In July 2020, Owen moved out of the Property, leaving Benshoof in the house. In September 2020, Owen purchased and moved into a new home. In August 2021, Owen told Benshoof she planned to evict him from the Property.

On March 16, 2022, Benshoof filed a pro se complaint against Owen "for money damages resulting from constructive fraud and infliction of emotional distress" under King County Superior Court cause number 22-2-03826-8 SEA. Benshoof alleged Owen "abused [Benshoof's] trust, and refused to add [Benshoof's] name to the title of their house as had been agreed upon before [the parties] finalized the mutual purchase agreement." Benshoof alleged that— starting at least four years earlier—"[b]etween 2018 and September 2021, [Benshoof] repeatedly demanded that [Owen] put [Benshoof's] name" on the Property title, but that during that same time period Owen refused to do so. On May 6, 2022, Owen filed her first amended answer to the complaint asserting counterclaims for ejectment and recovery for unjust enrichment.

On June 24, 2022, Owen filed a CR 12(c) motion for judgment on the pleadings, arguing Benshoof's claims "(1) are barred by the relevant statute of limitations; (2) are improperly pleaded; and/or (3) they fail to state a claim upon which relief can be granted." On July 15, 2022, Benshoof filed an "amended" complaint without leave from the trial court, asserting the same two legal claims, but attempting to reframe the earlier allegation that Owen had disputed Benshoof's claim of ownership more than three years before the commencement of his action. The trial court dismissed Benshoof's claims, ruling his fraud claim "as pleaded, or

2

whether pleaded as any other claim arising from [Owen's] repudiation of an alleged oral promise concerning the [Property], is time barred and dismissed with prejudice" and that Benshoof's complaint "fails to state a claim upon which relief can be granted for the recovery of emotional distress and is accordingly dismissed with prejudice." The trial court noted that Benshoof had improperly attempted to amend his complaint, and ruled "*even if* this amended complaint were to be considered, it fails under the same merits." (Boldface omitted.) The trial court clarified that its ruling did "not impact the two causes of action articulated in [Owen's] counterclaims."

On September 28, 2022, still pro se, Benshoof filed a new lawsuit against Owen under King County Superior Court cause number 22-2-15745-3 SEA, alleging the same set of facts as the previously dismissed complaint. Benshoof made additional allegations about the arrangements for the purchase money for the house and representations he claimed showed joint ownership, but omitted his earlier allegation that Owen had disputed his claim of ownership more than three years before the commencement of the actions. He asserted one claim only, for "fraud." Owen filed a motion to consolidate this and another of Benshoof's lawsuits under cause number 22-2-03826-8 SEA because "[a]ll three cases share common questions of law and similar facts underlying [Benshoof's] various disputes."[1] The trial court consolidated cause number 22-2-15745-3 SEA (the second house

---

[1] The third case Owen requested to consolidate was King County Superior Court cause number 22-2-15958-8 SEA, in which Benshoof sued Owen, her attorney, her current partner, and her friend, as described in our opinion of even date in matter number 85092-0-I.

ownership case) into cause number 22-2-03826-8 SEA (the first house ownership case).

On December 27, 2022, Owen filed a CR 56 motion for ejectment and CR 12(b)(6) motion to dismiss, requesting the trial court grant summary judgment on her counterclaim for ejectment and dismiss Benshoof's "re-filed claim of fraud." On the same day, now represented by counsel, Benshoof moved for leave to amend his complaint "initially filed on March 16, 2022, (22-2-03826-8) which was then consolidated with the complaint filed under case (22-2-15745-3)." The motion explained that Benshoof's proposed amended complaint "includes more properly stated cause of action (unjust enrichment, constructive trust and quiet title), which reflect the essence of the legal issues in this matter." The trial court denied Benshoof's motion to amend, stating,

> More than five months [after the trial court dismissed his claims], Benshoof, now with the assistance of counsel, seeks to revive his lawsuit by amending his Complaint to assert claims for breach of contract, unjust enrichment, constructive trust, and quiet title. The Court finds that if Benshoof is allowed to amend his complaint at this juncture, Owen would be substantially prejudiced. . . . Pursuant to the deadlines set forth in the case schedule, there is no time for Owen to conduct any discovery on Benshoof's new claims. Discovery cutoff is January 23, 2023, and trial is set to commence March 13, 2023. It is simply too late for Benshoof to circumvent [the trial court's] ruling from July 2022 and revive his lawsuit with an amended complaint.

Although the trial court based its decision on the prejudicial effect of an untimely amendment, it noted "that allowing the amended complaint would be futile. Given [the prior] ruling, any claim arising from Owen's repudiation of an alleged oral promise concerning the home is without merit."

4

On January 24, 2023, the trial court granted Owen's motion to dismiss Benshoof's September complaint and granted Owen's request that the lis pendens recorded against the Property be cancelled because Benshoof "possesses no claim to the title of the [Property]."

On the date of trial, Benshoof was not present because, his counsel claimed, "there is a warrant, a civil warrant for his arrest, and in speaking with defense counsel, it was advised that he not appear in court." Owen advised the trial court that charges were pending in Seattle Municipal Court and "[t]he filing date was March 14, 2023." Benshoof's counsel requested the trial court allow him to appear by Zoom[2], and Owen objected. The trial court stated it "set this for an in-person trial because, frankly, I believe it would be easier for the Court to oversee this trial with both parties in person given the amount of litigation that has occurred involving [Benshoof]," and it believed "that proceeding by Zoom would essentially not give the Court enough control over the litigants in this matter." The trial court denied Benshoof's request to appear by Zoom. The trial court stated that if Benshoof chose to join, "he will have an opportunity to testify here if he wishes to."

At trial, during Owen's cross-examination, Owen's counsel objected to a question regarding who paid the earnest money for the Property, arguing it was not relevant "given we're talking about September 2020 forward." Benshoof argued that in the "context" of unjust enrichment "and equity and in fairness of what

---

[2] "Zoom" is a cloud-based, peer-to-peer videoconferencing software platform that is used for teleconferencing, telecommuting, distance education, and social relations. In re Dependency of G.L.L, 20 Wn. App. 2d 425, 428 n.1, 499 P.3d 984 (2021).

[Benshoof] did or didn't pay even in 2020, 2021, and 2022, I think there's a context for the home and where he was living, and I think that we have the right to establish that context." The trial court stated it was "only considering the past three years from when the complaint was filed" for the purposes of unjust enrichment, "but for all intents and purposes, it would really start from when [Owen] moved out." The trial court confirmed it was "only looking from September of 2020 forward for the unjust enrichment claim," and sustained the objection. After Benshoof made an offer of proof and argued the evidence was relevant, the trial court asked Owen for a response. Owen stated,

> [DEFENSE COUNSEL]: I think what's happening here is there's an attempt to assert a setoff to an unjust enrichment claim prior to the circumstances that the Court has to consider prior to that time period, and that's you know, for a number of procedural reasons, not appropriate. It's been time-barred. There's no setoff [pleaded]. It's December of 2014, as we have noted before. We're making the claim for continued sole occupancy of September 2020 forward.
> If we were to go back before September of 2020 when they were living under the same roof, I'll proffer that there would be testimony about [Benshoof] giving [Owen] cash for raising their kid. For buying groceries. For potentially living in the house. There's money. There's bills that she paid for that benefitted him. You're going to get into an entire system of debits and credits.
> And, essentially, what you're going to be asked to do on claims which are time-barred is come up with a net amount of debits and credits and then offset it against circumstances that occurred in the future.
> And, again, because of the statute of limitations ruling, it's not reasonable, even though it wasn't raised for us, to go back and then argue about the debits and credits that would favor us in that circumstance.

The trial court sustained the objection.

6

Later in trial, Benshoof objected to testimony by Owen and requested the trial court consider excerpts from his deposition testimony, because he was "not here," in order to controvert Owen's characterization of certain payments. The trial court responded that it "did read [Owen's] designations because [Benshoof] is a party-opponent," but it did not read Benshoof's designations of his testimony because "I can't consider that portion of the testimony unless it basically is like under the rule of completeness, for example." The trial court sustained the objection.

At the end of trial, the trial court stated it was "going to take judicial notice of [Benshoof's] litigation tactics against [Owen]," and noted,

> There's also been just one case after another, including a vexatious litigation order, including a denial of a writ of habeas corpus order, and I do think the Court will take judicial notice of all of those lawsuits, and that they should be included in the findings of fact and conclusions of law.

After hearing argument on the matter, the trial court revised its written findings of fact to clarify it was " 'not relying on this litigation in the determination regarding liability and damages in this case, but it is nonetheless relevant context under which this lawsuit occurs.' "

On June 2, 2023, the trial court issued its findings of fact and conclusions of law, concluding Owen was entitled to an order ejecting Benshoof from the Property because Benshoof possessed no claim to the Property title. The trial court issued a writ of ejectment and ordered that Owen was entitled to $41,300.00 arising from Benshoof's occupancy of the Property. Benshoof appeals.

II

Benshoof argues the trial court incorrectly barred any claims as to ownership due to the statute of limitations, thereby dismissing his claims under CR 12(c). We disagree.

We review a CR 12(c) dismissal ruling de novo, examining the pleadings to determine whether the claimant can prove any set of facts, consistent with the complaint, that would entitle the claimant to relief. N. Coast Enters., Inc. v. Factoria P'ship, 94 Wn. App. 855, 858-59, 974 P.2d 1257 (1999). The factual allegations alleged in the complaint are accepted as true. Id. at 859. Dismissal is appropriate when it appears beyond a reasonable doubt the plaintiff cannot prove any set of facts that would justify recovery. Aji P. v. State, 16 Wn. App. 2d 177, 187, 480 P.3d 438 (2021).

Benshoof alleged that in early October 2014, the parties discussed buying a home, and purchased the Property "together as co-owners." He said the parties agreed that Owen would "get the home loan" with her father as a co-signor and "agreed that as soon as a new home loan without [the co-signor] was obtained, that [Benshoof] would be added to the house Title as the rightful co-owner." He continued, "In, or around 2018, [Owen] obtained a home loan without her Father as a co-signor." Benshoof alleged that from 2018 to 2021, he demanded that Owen place his name on the Property's title, and Owen "repeatedly made excuses and/or refused to add [Benshoof's] name to their house title." In 2020, Owen bought her "own house and moved out of the [Property]." In 2021, Owen advised

8

Benshoof that she owned the Property and he "was only a renter" because "only [Owen's] name was on the title to their house."

A

The statute of limitations for fraud is three years, and "the cause of action in such case [is] not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud." RCW 4.16.080(4). The limitations period is also three years for an action "upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument," RCW 4.16.080(3), or for an action "for any other injury to . . . the rights of another not hereinafter enumerated," RCW 4.16.080(2), and there is a catch-all limitation period of two years from accrual for an action "for relief not hereinbefore provided for," RCW 4.16.130. The trial court properly dismissed Benshoof's constructive fraud claim because it was time barred. Benshoof alleged in his complaint that Owen repudiated any agreement by at least 2018, and he did not file suit until March 2022, more than three years after the alleged repudiation. The limitation period had expired. The trial court did not err in dismissing Benshoof's constructive fraud claim.

B

To establish a claim for intentional infliction of emotional distress, a plaintiff must prove (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional

distress.[3] Kloepfel v. Bokor, 149 Wn.2d 192, 195, 66 P.3d 630 (2003). "Any claim of outrage must be predicated on behavior 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' " Strong v. Terrell, 147 Wn. App. 376, 385-86, 195 P.3d 977 (2008) (quoting Kloepfel, 194 Wn.2d at 196).

According to Benshoof, Owen refused to add Benshoof's name to the Property title, asserted that Benshoof was "only a renter," and threatened to evict him. Even while viewing the facts as pleaded in the light most favorable to Benshoof, no reasonable person could conclude that Owen's conduct was "so outrageous" and "so extreme" as to support an intentional infliction of emotional distress claim. Strong, 147 Wn. App. at 385-86. At worst, Benshoof's allegations fall within the category of " 'insults, indignities, threats, annoyances, petty oppressions, or other trivialities,' " which do not amount to intentional infliction of emotional distress. Grimsby v. Samson, 85 Wn.2d 52, 59, 530 P.2d 291 (1975) (quoting RESTATEMENT (SECOND) OF TORTS § 46 cmt. D (AM. L. INST. 1965)). The trial court did not err in dismissing Benshoof's intentional infliction of emotional distress claim.

---

[3] "Outrage" and "intentional infliction of emotional distress" are synonyms for the same tort. See Snyder v. Med. Serv. Corp. of E. Wash., 145 Wn.2d 233, 250, 35 P.3d 1158 (2001) (applying elements of outrage to claim for intentional infliction of emotional distress).

III

Benshoof argues the trial court abused its discretion in canceling the lis pendens recorded against the Property. We disagree.

A "lis pendens" is an "instrument having the effect of clouding the title to real property." RCW 4.28.328(1)(a). Either party to an action affecting title to real property may file a notice of lis pendens with the county auditor. RCW 4.28.320. RCW 4.28.320 governs when a court may cancel a notice of lis pendens. It states,

> the court in which the said action was commenced may, at its discretion, at any time after the action shall be settled, discontinued or abated, on application of any person aggrieved and on good cause shown and on such notice as shall be directed or approved by the court, order the notice authorized in this section to be canceled of record, in whole or in part, by the county auditor of any county in whose office the same may have been filed or recorded.

Id. We review a trial court's order granting a motion to cancel a lis pendens for an abuse of discretion. Beers v. Ross, 137 Wn. App. 566, 575, 154 P.3d 277 (2007). A trial court abuses its discretion when its order is manifestly unreasonable or based on untenable grounds or for untenable reasons. Lindgren v. Lindgren, 58 Wn. App. 588, 595, 794 P.2d 526 (1990).

Owen's name is the only name listed on the Property title. The trial court previously dismissed Benshoof's claims with prejudice and denied his motion to amend the complaint. Because Benshoof had no legal right to title of the Property, the trial court did not abuse its discretion in canceling the lis pendens.

IV

Benshoof argues the trial court abused its discretion in denying his motion to amend his complaint because he "had valid claims and there was no undue prejudice." (Boldface omitted.) We disagree.

We review a decision to grant or deny a motion to amend a pleading for a manifest abuse of discretion. Herron v. Tribune Publ'g Co., 108 Wn.2d 162, 165, 736 P.2d 249 (1987). Except in circumstances not present here, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." CR 15(a). Leave to amend should be freely given " 'except where prejudice to the opposing party would result.' " Herron, 108 Wn.2d at 165 (quoting Caruso v. Local Union No. 690 Int'l Bhd. of Teamsters, 100 Wn.2d 343, 349, 670 P.2d 240 (1983)). In determining prejudice, a court may consider undue delay, unfair surprise, and futility of amendment. Haselwood v. Bremerton Ice Arena, Inc., 137 Wn. App. 872, 889, 155 P.3d 952 (2007).

Benshoof moved to amend his complaint on December 27, 2022, the same day Owen filed her motion for summary judgment. The discovery cutoff was January 23, 2023, the dispositive motion deadline was February 27, 2023 and trial was set for March 13, 2023. Owen would not have had time to conduct discovery on the newly asserted claims, nor would she have had time to address the new claims in a dispositive motion before the existing case schedule deadlines. Furthermore, Owen would not have had time to conduct the discovery necessary to assert a remedy of partition as an alternative defense to Benshoof's claim of

ownership. The trial court was within its discretion to conclude it would have been prejudicial to Owen to allow an amendment.[4]

Additionally, Benshoof's counsel agreed that all claims presented in the motion to amend were governed by a three year limitation period. Wash. Ct. of Appeals oral arg., Benshoof v. Owen, No. 85495-8-I (June 12, 2024), at 19 min., 5 sec. to 19 min., 21 sec., https://tvw.org/video/division-1-court-of-appeals-2024061236/?eventID=2024061236. Any amendment would have also been futile because his new claims were time barred.

V

Benshoof argues the trial court abused its discretion in refusing to allow him to testify at trial by Zoom. We disagree.

We review a trial court's decision whether to permit remote testimony for abuse of discretion. In re Marriage of Swaka, 179 Wn. App. 549, 553, 319 P.3d 69 (2014). Former CR 43(a)(1) (2021) governs the taking of testimony for this case. Former CR 43(a)(1) provides, in relevant part,

> In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise directed by the court or provided by rule or statute. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

---

[4] Benshoof argues delay was an insufficient basis on which to deny his motion because the trial court later continued trial. However, we review a trial court's decision based on the record before it at the time of the motion. Ensley v. Mollmann, 155 Wn. App. 744, 759 n.17, 230 P.3d 599 (2010). Benshoof also neither argues nor shows that subsequent delays were so great that they could have altered the trial court's analysis of prejudice.

Former CR 43(a)(1) contains language identical to Fed. R. Civ. P. 43(a).[5] When a federal rule parallels a Washington rule, we may look to analysis of the federal counterpart for guidance in interpreting the state rule. Washburn v. City of Federal Way, 178 Wn.2d 732, 750, 310 P.3d 1275 (2013). The 1996 advisory committee note interpreting Fed. R. Civ. P. 43(a) states that "[t]ransmission cannot be justified merely by showing that it is inconvenient for a witness to attend the trial." The note also addresses the types of circumstances which might establish good cause for remote testimony:

> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. . . .
> . . . .
> A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances.

Id.

Benshoof does not show that the trial court had any obligation to exempt him from CR 43 because there were outstanding warrants for his arrest whose service he wished to continue to avoid. Because Benshoof failed to show there were compelling circumstances to justify a departure from in-court testimony, the trial court did not abuse its discretion by denying remote testimony.[6]

---

[5] Fed. R. Civ. P. 43(a) reads, "At trial, the witness' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."

[6] Benshoof argues in light of his choice not to attend trial "there was no ability to present evidence supporting [his] defense to Owen's counterclaims

VI

Benshoof argues the trial court erred in denying evidence of his contributions to the Property before September 2020. We disagree.

We review evidentiary rulings for an abuse of discretion. City of Spokane v. Neff, 152 Wn.2d 85, 91, 93 P.3d 158 (2004). To the extent Benshoof argued the evidence was relevant because it should be considered as a setoff to the unjust enrichment claim, Benshoof did not affirmatively plead setoff. " 'Generally, affirmative defenses are waived unless they are (1) affirmatively pleaded, (2) asserted in a motion under CR 12(b), or (3) tried by the express or implied consent of the parties.' " Henderson v. Tyrrell, 80 Wn. App. 592, 624, 910 P.2d 522 (1996) (quoting Bernsen v. Big Bend Elec. Coop., 68 Wn. App. 427, 433-34, 842 P.2d 1047 (1993)); see also CR 8(c) (listing, among affirmative defenses, "payment."). Following Owen's first amended answer asserting her counterclaims, Benshoof filed a "response" in which he did not assert an affirmative defense of payment or setoff against Owen's counterclaims. The trial court limited the evidence of monetary contributions to the Property to September 2020 forward because the claim before the court did not warrant parsing through an accounting of credits and debits from Benshoof and Owen from time barred periods starting in 2016. The

against him" because the trial court refused to read the portions of Benshoof's deposition testimony that he submitted. Nothing in the record suggests Benshoof moved under ER 106, CR 32(a)(4), or any other authority to require introduction of other portions of his deposition testimony because they ought, in fairness, to have been considered with portions of his testimony that Owen offered. This claim fails under RAP 2.5(a).

trial court's reasoning was tenable and thus, the trial court did not abuse its discretion in limiting the evidence.

VII

Benshoof argues the "[t]otality of [the trial court's] rulings indicate[] that there was, from the beginning, a bias against Benshoof, which was continued throughout trial." Benshoof contends the trial court exhibited bias because it "repeatedly referred to matters outside the record, including other litigation and any number of prejudicial statements about Benshoof," denied Benshoof's motion to amend his complaint, and did not allow Benshoof to testify by Zoom.

There is a presumption that a trial judge properly discharged their official duties without bias or prejudice. In re Pers. Restraint of Davis, 152 Wn.2d 647, 692, 101 P.3d 1 (2004). The party seeking to overcome the presumption must provide specific facts establishing bias. Id. Judicial rulings alone almost never constitute a valid showing of bias. Id.

There was no evidence admitted at trial of Benshoof's other court filings, therefore the trial court's references to such in its findings of fact were unsupported by substantial evidence. To that extent, the trial court erred in making findings of fact based on unproved court filings. However, the error was harmless. Benshoof does not show that the trial court's order was influenced by noting his prior litigation. The trial court was clear it did not consider the other litigation in determining the merits of the claims in the action, as seen in the dismissal orders and the final findings of fact and conclusions of law. There is substantial evidence in the record to support the trial court's issuance of a writ of ejectment and ordering

16

that Benshoof pay Owen restitution.  Benshoof has not provided specific facts establishing that the trial judge had a bias against him, and thus fails to establish judicial bias.

Affirmed.

_Birk, J._

WE CONCUR:

_Mann, J._          _Dwyer, J._